**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4098**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RECO JANAVIS WILKERSON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:11-cr-00158-TDS-1)

———————

Submitted:  July 26, 2012        Decided:  August 13, 2012

———————

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mark E. Edwards, EDWARDS AND TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reco Janavis Wilkerson appeals from his conviction and 86-month sentence entered pursuant to his guilty plea to possession of a firearm by a convicted felon. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred by not sentencing Wilkerson to a lower sentence. Neither Wilkerson nor the Government has filed a brief. After a careful review of the record, we affirm.

Wilkerson asserts that the district court abused its discretion in sentencing him to 86 months instead of 84 months, the bottom of the 84-105 month Guidelines range. Wilkerson does not aver that the district court erred in its sentencing procedures, and our review of the record discloses no procedural error. We assess the substantive reasonableness of the sentence by taking into account the "totality of the circumstances." Where, as here, a defendant's sentence falls within the Guidelines range, the district court's decision enjoys a presumption of reasonableness. United States v. Abu Ali, 528 F.3d 210, 260-61 (4th Cir. 2008). Because Wilkerson has not provided any reasoning to rebut the presumption of reasonableness accorded his within-Guidelines sentence and

2

because no such reasoning can be found in the record, we conclude that Wilkerson's sentence is substantively reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case for reversible error and have found none. Accordingly, we affirm Wilkerson's conviction and sentence. This court requires that counsel inform Wilkerson in writing of his right to petition the Supreme Court of the United States for further review. If Wilkerson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilkerson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>